U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT -6 2011

CLERK, U.S. DISTRICT COURT
By _____
Deputy

ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JOHN WENTZELL DOWNS, | ) | |
| Petitioner, | ) | |
| v. | ) | 3:10-CV-137-D |
| | ) | 3:06-CR-034-D |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the

United States District Court for the Northern District of Texas. The Findings, Conclusions and

Recommendation of the United States Magistrate Judge follow:

## FINDINGS AND CONCLUSIONS

### I. Procedural Background

On June 21, 2007, Petitioner was convicted of one count of fraud and false statements

involving aircraft parts, in violation of 18 U.S.C. §§ 38(a)(1)(C) and (b). On October 18, 2007,

he was sentenced to 24 months imprisonment, two years supervised release, and ordered to pay

$4,000 in restitution. On November 6, 2008, the Fifth Circuit Court of Appeals affirmed

Petitioner's conviction and sentence. *United States v. Downs*, 299 Fed. Appx. 310 (5th Cir. 2008)

(unpublished). On May 26, 2009, the Supreme Court denied Petitioner's petition for writ of

certiorari.

On January 25, 2010, Petitioner filed the instant habeas petition pursuant to 28 U.S.C. §

2255. He argues:

1.      The government failed to show a substantial effect on interstate commerce;

2.      Government witness Hardwick testified falsely;

3.      Petitioner received ineffective assistance of counsel; and

4.      The evidence was insufficient to support the conviction.

On April 14, 2010, Respondent filed its answer.  On April 27, 2010, Petitioner filed a

reply, and on April 12, 2011, Petitioner filed an addendum to the reply.  The Court now finds the

petition should be denied.

## II.  Factual Background

The following factual background is taken from the Fifth Circuit's opinion on direct

appeal.

> [Petitioner] was charged by the government in a superceding indictment with
> making false statements involving aircraft parts in violation of 18 U.S.C. § 38.
> [Petitioner], an aircraft propeller mechanic, owned and operated a business under the
> name of Millennium Propeller Systems, Inc. ("Millennium").  In April 2000, the Federal
> Aviation Administration ("FAA") issued an air agency certificate to Millennium, which
> authorized Millennium to operate an approved repair station under the FAA's rules and
> regulations.  However, on March 29, 2005, after finding that Millennium demonstrated
> disregard for regulatory compliance which threatened aviation safety and was contrary to
> the public interest, the FAA revoked [Petitioner's] FAA certification.  Millennium was no
> longer authorized by the FAA to operate a repair station, which meant [Petitioner] could
> no longer perform certain work on aircraft parts, such as propeller overhaul.
>
> On September 12, 2005, Juan Fernandez ("Fernandez") . . . delivered a propeller
> to [Petitioner] for overhaul work, which included replacing the hub of the propeller.  On
> October 5, 2005, Fernandez retrieved the overhauled propeller and received maintenance
> records from [Petitioner] which had been backdated to falsely represent that the overhaul
> of Fernandez's propeller took place on March 1, 2005, which was before the FAA
> certification was revoked.  In a further effort to conceal when the propeller was
> overhauled, [Petitioner] falsely backdated several other documents, such as FAA forms
> and log/maintenance books, to March 1, 2005. . . .
>
> At trial, Fernandez testified that he grew suspicious of [Petitioner] during the
> repair process after having some difficulty contacting [Petitioner].  He conducted research
> that revealed the FAA's revocation.  Fernandez contacted the FAA . . . .  This reporting
> ultimately led to an undercover investigation – which included the use of hidden camera

surveillance and the wearing of a wire by Fernandez – that resulted in the fraud charge.

At trial, Robert Hardwick ("Hardwick"), an FAA aviation safety inspector, testified that "air safety in this country is based upon compliance with the rules and accurate records." . . . In response to a question on whether fraudulent repair records would meet the applicable statutory element of "in and affecting interstate commerce," Hardwick testified that "without accurate maintenance records the general public very well could lose confidence in the FAA to regulate aviation safety." . . . .

[Petitioner] was found guilty of making fraudulent and false statements involving aircraft parts and was sentenced to 24 months imprisonment and 2 years of supervised release. . . .

*United States v. Downs*, 299 Fed. Appx. at 1-2.

**III.  Discussion**

**1.      Sufficiency of the Evidence/Witness Testimony**

Petitioner argues the evidence was insufficient to sustain the conviction and/or to show his actions were in or affecting interstate commerce.  Petitioner raised this claim on direct appeal. The Fifth Circuit addressed the merits of this claim and rejected it.  Petitioner cannot relitigate the claim in this § 2255 petition.  *See United States v. Rocha*, 109 F.3d 225, 230 (5th Cir. 1997); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986).  Additionally, a claim of insufficiency of the evidence cannot be raised on collateral review.  *Forrester v. United States*, 456 F.2d 905, 907 (5th Cir. 1972).  This claim should therefore be denied.

Petitioner also argues government witness Hardwick was incompetent to testify regarding whether Petitioner's actions violated the FAA regulations or affected interstate commerce. Petitioner claims that Hardwick's testimony was therefore false.  Petitioner's claim does not state a constitutional violation.  He does not allege that the prosecution knowingly offered perjured testimony.  *See Kinsel v. Cain*, 647 F.3d 265, 272 (5th Cir. 2011) (stating a petitioner fails to

allege a constitutional violation where prosecutor did not knowing present false testimony).  This claim should be denied.

**2.      Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight."  *Strickland*, 466 U.S. at 689.  Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice.  To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors."  *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694).  "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong."  *Id.*  "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'"  *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner argues his counsel: (1) failed to expose witness Hardwick's false testimony; (2) failed to understand the Federal Aviation regulations ("FARS") and failed to use Petitioner's testimony to show Hardwick did not understand the FARS; (3) did not contest the element of interstate commerce until after trial; (4) did not properly prepare Petitioner for trial and told Petitioner not to mention his civil proceedings regarding the revocation and reissue of his

certification; (5) did not call Tommy Arnold and Gene Bland to testify on Petitioner's behalf even though they were available at trial; and (6) inferred Petitioner's guilt in closing by stating the FAA should handle the claims against Petitioner.

### (A) Hardwick's Testimony

To the extent Petitioner argues his counsel was ineffective for failing to expose witness Hardwick's false testimony that Petitioner's actions involved activities that substantially affect interstate commerce, this claim is without merit. On direct appeal the Fifth Circuit determined that "there was enough evidence of the cumulative effect of fraudulent and false documentation regarding aircraft maintenance to meet that test . . . ." *Downs,* 299 Fed. Appx. at 314. Defense counsel was not required to make frivolous motions. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).

To the extent Petitioner argues his counsel was ineffective to failing to show that Hardwick did not understand the FARS, the record shows defense counsel extensively questioned Hardwick regarding his understanding of the FARS. (Trial Tr. Vol. 2A at 130-195.) Defense counsel also questioned Petitioner regarding his understanding of the FARS. (Trial Tr. Vol. 3 at 53-64.) Further, the FARS were admitted as exhibits for the jury. (Defense Exs. 1, 2.) Petitioner has failed to show what other questioning of Hardwick would have elicited testimony favorable to the defense. This claim should be denied.

### (B) Failure to Prepare Petitioner

Petitioner argues his counsel did not properly prepare him to testify, did not allow him to tell his story, and did not allow him to discuss the NTSB civil proceedings which resulted in the reinstatement of his air agency certificate.

The record shows that the prosecutor read a stipulation to the jury regarding the NTSB civil proceedings. The stipulation stated that on March 29, 2005, the FAA revoked Millennium's air agency certificate so that Millennium was no longer authorized to operate a repair station. Millennium surrendered its license and appealed the revocation. On October 17, 2006, the NTSB upheld some of the FAA's violations, but not others. The NTSB determined that the violations did not warrant revocation of Millennium's repair station certificate. The FAA reissued Millennium, now renamed Mena Aircraft Propellers, Inc., an air agency certificate. (Trial Tr. Vol. 1 at 163-64.). Petitioner also testified he was reissued the air agency certificate and the defense entered the reissued certificate into evidence. (Trial Tr. Vol. 3 at 25; Defense Ex. 3.) This information was therefore presented to the jury. Further, Petitioner has failed to state what else his counsel should have done to prepare him to testify. This claim should be denied.

### (C) Tommy Arnold and Gene Bland

Petitioner argues his counsel failed to call Tommy Arnold and Gene Bland to testify for the defense. Petitioner testified at trial that he contacted Gene Bland to determine whether he could work on Juan Fernandez's blades and put them in a replacement or exchange hub while his certificate was revoked. Petitioner stated Bland told him: "[Y]ou read the regulations very carefully and be sure you don't cross the line." (Trial Tr. Vol. 3 at 52; 123). Petitioner has not stated what further information Bland would have testified to had he been called as a witness. He also has not stated what Tommy Arnold's testimony would have been. Petitioner has failed to show his counsel was deficient and/or that he suffered the required prejudice because these witnesses were not called.

Page 6

**(D) Inferring Guilt**

Petitioner argues his counsel was ineffective because he inferred Petitioner's guilt in his

closing argument. Petitioner complains his counsel stated: "Give him to the FAA and let them

deal with him." (Pet. Mem. at 49.)

The record shows defense counsel stated in closing:

> I think the real question is was his conduct, whether you liked it or not, done to violate
> the law. And I tell you it is not. Because the charge – the law that he's accused of
> charging (sic), if you will think about it, is defraud – defraud – an act of defrauding
> somebody with intent to do a bad purpose. I tell you and believe Mr. Downs is not guilty
> of those charges and should be acquitted and let the FAA do with him what they need or
> what they will to do.

(Trial Tr. Vol. 3 at 194).

The record shows defense counsel was arguing that Petitioner's actions were not criminal

because he had no intent to defraud. Instead, defense counsel argued, his case should be a civil

matter heard before the FAA. Petitioner has not shown that his counsel's conduct fell outside of

reasonable trial strategy. *See Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). His

claim should be denied.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-

aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 6 day of October, 2011.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


Page 7

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).